ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 0 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLUMBIA RODGERS, TDCJ #1536699 | § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:09-CV-2025-BF |
| ROBERT MARQUARDT, et al. | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. A Motion for Summary Judgment (Doc. 88) filed by Kristi Adams ("Defendant" or "Adams") is before the Court for consideration. The time for Plaintiff to respond to the Motion has expired, and Plaintiff has failed to file a response.

On June 20, 2011, the Court issued its Memorandum Opinion and Order granting a Motion for Summary Judgment filed by Defendants Marquart, McAdams, Driskell, Wiktorik, Shufelt, Frederic Tunaitis, Smith, Hogan, Bratcher, Hearne, Simpson, Jackson, Cassidy, Johnson, Martinez, French, Mumaugh, Dawn Tunaitis, Perez, Gay, and Duran. (Order of June 20, 2011.) The Court hereby incorporates all findings and conclusions previously made in that order.

### Background

Plaintiff claims that Defendant: (1) violated his right to a safe prison environment by allowing Correctional Officer ("CO") Nathan Duran to retaliate against him for filing grievances; and (2) was deliberately indifferent to Plaintiff's health and safety in violation of the Eighth

1

Amendment. (Doc. 1, pp. 6-7.)

Defendant contends that summary judgment is proper because: (1) Plaintiff failed to fully exhaust his administrative remedies as to Defendant; (2) Plaintiff's conspiracy claims are conclusory; (3) Plaintiff has failed to state a constitutional claim for deliberate indifference to his safety; and (4) Plaintiff cannot overcome Defendant's entitlement to qualified immunity. (Doc. 89, p. 8.)

## **Standard of Review**

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material, and only disputes about material facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *Nat'l Ass'n of Gov't Emps v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Elliott v. Lynn*, 38 F.3d

188, 190 (5th Cir. 1994) (citing *Anderson*, 447 U.S. at 249). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The Court will consider the record in the light most favorable to Plaintiff. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson*, 477 U.S. at 250. However, a failure on the part of the nonmoving party to offer proof concerning an essential element of his case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006).

## Analysis

Plaintiff contends that Defendant (1) allowed CO Duran to retaliate against Plaintiff; (2) acted with deliberate indifference to his safety; and (3) conspired with other MTC employees to inflict cruel and unusual punishment upon the Plaintiff in violation of his Eighth Amendment rights. (Doc. 1, pp. 6-7.) These allegations amount to a claim that Defendant failed to protect Plaintiff.

The terms of 42 U.S.C. § 1983 create a cause of action against every person who, under color of law, subjects, or causes to be subjected, any citizen to the deprivation of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Private corporation employees retained to perform prison official duties pursuant to a contract with the State, such as Defendant, are considered state actors for the purpose of this provision. *West v. Atkins*, 487 U.S. 42, 50 (1988).

In his complaint, Plaintiff alleges that the Defendant failed to provide a safe prison

environment. Plaintiff contends he should have been protected from the incidents of retaliation that allegedly occurred after he filed a grievance about the February 7, 2009 strip search. Plaintiff's complaint is that when he came to Defendant for protection, she referred him to the grievance system instead of personally doing something to help him. (Doc. 93-1, p. 27; Doc. 93-2, p. 3.) Plaintiff's complaints were investigated, and they were deemed unfounded. (Doc. 93-2, pp. 4-33.) Specifically, Plaintiff argues that Defendant's "actions and inactions harmed the Plaintiff by allowing his complaints and concerns to be systematically and arbitrarily ignored." (Doc. 1, p. 6.)

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to take reasonable measures to ensure the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Supreme Court has held that prison officials only violate this duty when: (1) a sufficiently serious deprivation has occurred; and (2) the prison official acts with "deliberate indifference" to inmate health or safety. *Id.* at 834. The Supreme Court has equated "deliberate indifference" to criminal law recklessness, which requires a person charged with recklessness to have had actual knowledge of a risk of harm. *Id.* at 836.

The deliberate indifference standard is an "extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prison official acts with deliberate indifference "only if (1) he knows that inmates face a substantial risk of serious bodily harm and (2) he disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. 825, at 847. Taking the facts as Plaintiff presents them in his complaint, Plaintiff has failed to carry this burden. Plaintiff admits that Defendant never touched him inappropriately. Plaintiff's multiple assertions that he feels endangered are insufficient to establish any actual risk of serious harm.

Even if Plaintiff had established the existence of a substantial risk of serious harm, he still

fails to meet the threshold for proving deliberate indifference. The record indicates that prison officials acted on Plaintiff's grievances where appropriate. When Plaintiff approached Defendant in February 2009 for help regarding CO Duran, Defendant referred Plaintiff to the prison grievance system. (Doc. 90-5, p. 5.) Defendant asked Warden Driskell about Plaintiff's issue and the Warden stated he was investigating. (Doc. 90-5, p. 5.) In May 2009, Defendant learned that Lieutenant Smith had conducted an Offender Protection Investigation which "stated that there was no evidence or proof to substantiate [Plaintiff's] claims regarding Correctional Officer Duran." (Doc. 90-5, p. 6.)

Furthermore, Nathan Duran was a correctional officer at the Sanders Estes facility for many years, and he had no history of using deadly or excessive force with any prisoners. (Doc. 93-2, p. 3.) There was nothing in his history or behavior that supported the allegation that he intended to cause Plaintiff any harm, let alone serious bodily harm. (Doc. 93-2, p. 3.) Even so, MTC: (1) required Duran to conduct one-by-one strip searches in the future; (2) provided strip search training to all kitchen staff; and (3) granted Plaintiff's request to be transferred away from kitchen duty. (Doc. 93-1, pp. 10-11; Doc 93-2, p. 3.) Also, prison officials investigated each of the grievances Plaintiff filed and deemed them unfounded. (Doc. 90, pp. 11; 14-22; 24; 33; 35-38; 47-50; 53; 58; 63-77; 80-83; 92-104; 111-15; 125-28.) The record indicates prison officials were responsive to Plaintiff's grievances, not indifferent. Therefore, Defendant is entitled to summary judgment regarding Plaintiff's allegations of failure to protect.

### Conclusion

Plaintiff has failed to raise a genuine issue of material fact supporting his claims against Defendant. As such, the Court need not discuss Defendant's remaining arguments. Defendant's Motion for Summary Judgment is hereby **GRANTED**. Plaintiff's claims against Defendant are

5

dismissed with prejudice for failure to state a claim.

SO ORDERED, June 30, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE